# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                                    No. 3:23-cr-95-BJB

**KENDALL SHAW**

## MEMORANDUM OPINION & ORDER

In this multidefendant drug conspiracy case, the Government has recently filed a superseding indictment regarding a witness-tampering conspiracy (DN 95), moved for modification of Kendall Shaw's conditions of detention to restrict his access to all communications technology (DN 133), and filed an unopposed motion for a protective order that would impose similar restrictions (DN 138). That latest motion, invoking 18 U.S.C. § 1514(b)(1), seeks an order that would, for three years, prohibit "all contact or communications, directly or indirectly, personally or through a third party" between Shaw and "Victim #1." Proposed Order (DN 138-1).

**1.** As to the modification request (DN 133), the Government pointed to purported authority under 18 U.S.C. § 3142[1] to restrict communications during pretrial detention in order to prevent Shaw from interfering with Victim #1's testimony. But the proposed order reached far broader than Victim #1: it would've required "the United States Marshal service to restrict any communication access of Kendall Shaw to that of his attorney while he is detained pending trial." DN 133 at 4. Section 3142(*i*), however, doesn't appear to address restrictions on communications during pretrial detention. And the Government cited no other textual or precedential authority that might support such a restriction by the Court or overcome the readily apparent First Amendment concerns implicated by such a broad order. *See generally Beard v. Banks*, 548 U.S. 521 (2006); *Turner v. Safley*, 482 U.S. 78 (1987).[2]

During a hearing on this motion, the Court asked why the Government hadn't moved instead for a civil order, under 18 U.S.C. § 1514, tailored to its concerns with

---

[1] Presumably the prosecutor was relying on § 3142(*i*), labeled "[c]ontents of detention order," but the motion was nonspecific.

[2] The First Amendment sounds differently inside prison than it does outside, of course, but as far as the Court knows the restrictions sought here are not ones that flow from the facility's own regulations and penological interests, to which courts generally afford deference. *See generally Turner*, 482 U.S. 78.

1

witness harassment or intimidation. *See* DN 139. The Government indicated it would amend and resubmit its motion under that more specific statute. Given the lack of authority placed before the Court that would support judicially restricting speech by altering confinement conditions under § 3142(*i*), and the Government's tacit abandonment of its initial theory, the Court denies without prejudice the Government's initial motion.

**2.** As to the proposed protective order (DN 138), the Government relies on § 1514(b). That statute authorizes a district court to "issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case or investigation if the court, after a hearing, finds by a preponderance of the evidence … that such order is necessary to prevent and restrain an offense under section 1512.…" And § 1512 provides, as relevant here, that "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so … with intent to (1) influence, delay, or prevent the testimony of any person in an official proceeding, (2) cause or induce any person to withhold testimony … [or] be absent from an official proceeding to which such person has been summoned … shall be fined under this title or imprisoned not more than 20 years, or both."

Because in situations like these immediate relief may be necessary to protect a witness and insulate a legal proceeding from interference, the statute also provides for interim relief before a hearing may be held, as required by § 1514(b). Section 1514(a)(1) authorizes the Court to enter a temporary restraining order if the Government demonstrates, "by affidavit or by verified complaint, that there are reasonable grounds to believe … that such order is necessary to prevent and restrain an offense under section 1512." Given that the Court has already held a hearing on the initial motion under § 3142, but has not yet scheduled a hearing on the second motion under § 1514(b), the Court defers consideration of the 3-year protective order sought by the Government and will instead enter the temporary relief available without a hearing under § 1514(a).

The record before the Court amply demonstrates a "reasonable basis" for such an order before a hearing is held. Evidence in the form of affidavits and message logs indicates that Shaw, acting in concert with Lisa Smith and Ashley Thompson, has used threats of physical force in an attempt to "influence, delay, or prevent the testimony" of Victim #1. According to the Government's filings, Shaw called Smith (now a co-defendant in this case) in mid-February from the jail to tell her that Victim #1 was "snitching" on him. Harrison Affidavit (DN 138-3) ¶ 12. He said that he wanted to talk to Victim #1, and Smith connected Shaw and Witness #1 through a three-way call. *Id.* Shaw told Victim #1 not to come to court; after she hung up, Shaw continued to discuss the situation with Smith and Ashley Thompson (Smith's sister and now co-defendant). ¶¶ 13–14. Over the course of several calls, Thompson and

2

Smith assured Shaw that Victim #1 wouldn't make it to court. ¶ 15. The evidence indicates that the trio also called a fourth person, "Mookie," who according to Smith had a violent criminal past, to enlist his help in ensuring Victim #1 didn't testify. ¶ 16. Within days, a grand jury indicted Shaw, Smith, and Thompson for conspiring to tamper with a witness under 18 U.S.C. § 1512(b) & (k).

Despite these new charges, and despite the fact that Shaw, Smith, and Thompson are now all currently detained, Victim #1 has apparently received at least one subsequent text message, this time from Shaw's daughter's phone, reiterating that Victim #1 should not go to court. DN 133-3. The threatening text message suggests that the charges in the superseding indictment have not deterred Shaw from attempting to prevent or distort Victim #1's testimony in violation of § 1512(b). A temporary restraining order is therefore necessary to "prevent and restrain" future offenses under § 1512 until the Court holds an evidentiary hearing as required by § 1514(b) that could authorize the longer-term restrictions sought by the Government.

## ORDER

This order temporarily restrains Shaw from using the jail telephone or any other communications technology to make any direct or indirect contact—including through third parties—with Victim #1. The Court orders Shaw not to have any contact with the witness through email, telephone, online chats, social-media websites, U.S. Mail, third parties, or any other means. The Clerk shall deliver a copy of this order to the facility where Shaw is detained. Any person who "knowingly and intentionally violates or attempts to violate [this] order" may face fines and imprisonment of up to five years. § 1514(c).

The Court sets an in-person hearing, which Shaw must attend, at 2:00 pm EST on March 27, 2024, at the Louisville courthouse. Unless the extension of this order is agreed by Shaw, the parties should prepare to present evidence at this hearing regarding entry of a protective order under § 1514(b) and argument as to the proper scope of relief. This order will expire in 14 days, as required by § 1514(a)(1)(C). The Court may, if "good cause [is] shown" at or before the hearing, "extend the expiration date of the order" pending the Court's decision concerning a protective order. *Id.*

Benjamin Beaton, District Judge
United States District Court

March 15, 2024