# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**

v.   No. 3:23-cr-95-BJB

**KENDALL SHAW, ET AL.**

## ORDER

A grand jury indicted Kendall Shaw on charges of conspiring to and actually distributing methamphetamine and on a related firearms charge in August 2023. DN 1 at 1, 9–11. One of nine defendants named in the indictment, Shaw was arrested on October 26, 2023. The Court appointed counsel to represent him, he was arraigned and pled not guilty, and Judge Edwards ordered him detained until trial. DNs 69, 70 at 1, 71 at 3. At status conferences in November and January, Shaw's lawyer agreed that the period between each conference should be excluded "from the time within which the trial must commence under the Speedy Trial Act." Memoranda of Conference and Order (DNs 74, 86) at 1.

About six months after Shaw's indictment, in February 2024, a grand jury returned a superseding indictment adding an additional charge—conspiracy to tamper with a witness—against Shaw and two new codefendants: Lisa Smith and Ashley Thompson. DN 95 at 12. Smith and Thompson were arrested on February 21 and were appointed counsel the following day. DNs 107, 108. All three pled not guilty to the new charge. DNs 113, 114, 119. And Judge Edwards ordered Smith and Thompson detained pending trial as well. DNs 117, 118. Smith's lawyer attended the March 1 status conference and agreed the time until the next conference (April 18) should be excluded under the Speedy Trial Act. DN 132 at 1. Counsel for Shaw and Thompson did not appear or agree to exclude time, but the Court nevertheless found—particularly given the multidefendant, multicount nature of this complex prosecution—"that the ends of justice served by this delay outweigh the best interests of the public and the Defendants in a more speedy trial, because failure to allow this extension would deny counsel for the Defendants and United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* (citing 18 U.S.C. § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006)).

These three defendants recently sent letters to Judge Edwards requesting a speedy trial. DNs 134, 136. Shaw, Smith, and Thompson, however, filed their

requests pro se despite being represented by appointed counsel at the time. When faced with pro se motions from defendants who are represented by counsel, courts typically refuse to consider the pro se submissions. *ABN ABRO Mortgage Group, Inc. v. Smith*, No. 1:06-cv-36, 2006 WL 2035542, at *1 (S.D. Ohio July 18, 2006) ("Ordinarily, a court will not consider pro se submissions from a party represented by counsel.") (citing *United States v. Hirschfeld*, 911 F. Supp. 200, 201 (E.D. Va. 1995)). A party may proceed pro se *or* with representation, but may not proceed pro se *and* with representation. *See Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982). So to the extent these Defendants' letters are construed as invocations of their rights to a speedy trial, the Court rejects those demands as improperly filed. The law does not entitle defendants to "hybrid representation" in which they may partially represent themselves by, for example, supplementing their counsel's filings with ex parte requests to the court. *See United States v. Loudermilk*, 425 Fed. App'x 500, 503 (6th Cir. June 13, 2011) ("[A] defendant has no right to combine self-representation with representation by counsel."); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) (collecting cases).

Even if the requests were properly before the Court, the invocation of speedy-trial rights doesn't demand that the Court immediately set a trial date. Consistent with the defendants' rights, the Court excluded the time from both the original and superseding indictments through April 18. "[T]he Speedy Trial Act generally requires a trial to begin within 70 days of the filing of an … indictment or the defendant's initial appearance, but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner*, 547 U.S. at 497 (citing 18 U.S.C. § 3161(c)(1)). The Act "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Id.* at 498–99. Those factors include the complexity of the case "due to the number of defendants [or] the nature of the prosecution," whether proceeding without delay "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation," and whether "failure to grant such a continuance in the proceeding would be likely to … result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B).

To be sure, the Speedy Trial Act is not coterminous with the Sixth Amendment's own guarantee. *See, e.g.*, *Betterman v. Montana*, 578 U.S. 437, 445 (2016) (considering speedy-trial question involving post-conviction procedures not addressed by the text of the Speedy Trial Act). But in cases that fall within the heartland of the Act, compliance with "[t]he more stringent provisions of the Speedy

Trial Act" makes a separate constitutional inquiry unnecessary. *United States v. Loud Hawk*, 474 U.S. 302, 304 n.1 (1986).

The superseding indictment charges 11 individual defendants with varying combinations of 27 drug, firearm, witness-tampering, and conspiracy offenses. Given the number of defendants and nature of this prosecution (alleging a wide-ranging drug-distribution conspiracy), the complexity of the case warrants additional time to complete discovery, assess the risks of proceeding to trial, and contemplate any necessary motions. *See* § 3161(h)(7)(B)(ii). Indeed, counsel for the Government noted on March 1, 2024, that discovery on the drug charges was not yet complete. And the prosecutor had only recently begun disclosures in relation to the new witness-tampering charges against Shaw, Smith, and Thompson. Short-circuiting that process "would deny counsel … the reasonable time necessary for effective preparation," and would likely "result in a miscarriage of justice." § 3161(h)(7)(B)(i, iv).

The Court will of course entertain anew any request for a trial date properly filed through counsel. Under the circumstances discussed above, however, the Court concludes that its prior exclusions of time between each status conference—including the time between now and the April 18 status conference—have been appropriate and consistent with these defendants' rights.